## ANCHOR LIFE & ACCIDENT INS CO v. S WHITE & CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9515. Decided Feb 25, 1929

A. H. Martin, Cleveland, for Insurance Co.

David Ralph Hertz, Cleveland, for White Co.

Judges LEMERT, HOUCK & SHERRICK (5th Dist) sitting.

SHERRICK, J.

The plaintiff in error contends that it never made this contract or ratified it; that it was a corporation in its promotion stage only, and did not become a corporation until March, 1927, when it received its license; that the contract was with the Insurance Company's president and agent, whom it had discharged as unfaithful, and that such agent was unauthorized to bind it; and that the defendant in error was bound to know and did know that the plaintiff in error was limited to an expenditure of not more than fifteen percent of the entire proceeds of the sale of stock of the Insurance Company during its promotion period, and that this amount had been exceeded, and that the obligation could not lawfully be paid by the plaintiff in error; and that **9385 GC** prohibited the doing of any business by the plaintiff in error and which precludes recovery. With this contention this Court is unable to agree.

We are led to the conclusion by a reading of **9349 GC** that the plaintiff in error at the time of the execution of the second agreement was a corporation in full being with power to contract for necessary advertising supplies to be used after it had obtained its license, and that Section 9385 of the Code only denies to an insurance company the right of doing certain business until it shall have received its license, that is, it shall not assume or undertake any risks, meaning make any contracts of insurance.

We believe that the purpose of the act was to protect policy holders, and not to make the business of life insurance unlawful; that such a company has a legal right to prepare itself for its future business, that is, writing policies of insurance, and to accomplish this and to procure and have in readiness proper advertising to be

distributed by it and its agents as soon as it shall have been issued its license, and that such an expenditure considering the nature of the advertising can, by no stretch of the imagination, be considered as promotion expense, the same was not worded to promote the sale of company stock, but was designed to advertise and sell the company's policy of insurance.

The Appellate Court of Illinois, in a well considered case similar to this, under statutes very like these of Ohio, Blinn vs. Riggs, 110 Ill., Appl. 37, makes the following comment:

(Here follows quotation)

Our own Supreme Court has likewise considered the purpose of the act, in the case of **Union Mutual Life Insurance Company vs. McMillen, 24 OS., 67.**

It being determined that the contract was a legal one, the question follows, was it ratified by the plaintiff in error. This we answer in the affirmative. The evidence clearly shows that knowledge of its existence was brought to the attention of its directorate and approved and not then disaffirmed. The case of O'Brian vs. Seamen's Society, 19 O. C. C. (N. S.) 542 is in point.

It has been suggested by plaintiff in error that the unreported case of **The Anchor Life and Accident Insurance Company vs. Taylor, Case No. 8740 Eighth District Court of Appeals, (Dig 7 Abs 74)** is controlling in this instance. We do not think so. In that case promotion expenses were in issue, and the directorate of the Insurance Company was without knowledge and there was no ratification.

We are, therefore, of the unanimous opinion that the issues were properly submitted to the jury, and that the verdict in favor of defendant in error is supported by both the law and the evidence, and the judgment will, therefore, be affirmed. Exceptions.

Lemert, PJ, and Houck, J, concur.